UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY BUSH,                           :
                                        :
        Plaintiff,                      :
                                        :
    v.                                  :    CIVIL NO. 3:CV-14-1253
                                        :
LACKAWANNA COUNTY PRISON,               :    (Judge Kosik)
et al.,                                 :
        Defendants.                     :

# MEMORANDUM

**I.  Background**

Plaintiff Gregory Bush filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter proceeds on an amended complaint (Doc. 21) and the exhibits thereto (Doc. 22). The only defendants named in the amended complaint are the following Lackawanna County Prison employees: Warden Robert McMillan; Leonard Bogart and Benjamin O'Leary. In the amended complaint, Plaintiff alleges that Defendants violated his First Amendment right and his right under the Religious Freedom Restoration Act ("RFRA") to practice his Nation of Islam religion while confined at the Lackawanna County Prison. O'Leary was dismissed from this action on October 14, 2015. (Doc. 31.) On October 16, 2015, the Clerk's Office was directed to serve the amended complaint on the remaining two (2) Defendants. (Doc. 33.) Despite the waiver forms being sent to McMillan and Bogart, they have neither

waived service nor given any indication that they have accepted service of the complaint. As such, an order was issued on August 25, 2016, directing the United States Marshal to effect service on the remaining two (2) defendants in light of the circumstances. (Doc. 39.)

Presently pending is Plaintiff's motion seeking reconsideration of an order issued by the court on January 20, 2015 (Doc. 19), that denied Plaintiff's request for the appointment of counsel, granted his motion for leave to proceed in forma pauperis in this matter without full prepayment of the fees and costs, and directed him to file an amended complaint. (Doc. 38.) The motion was filed on April 27, 2016, over one (1) year and three (3) months following the issuance of the order being challenged. In the motion for reconsideration, Plaintiff mainly wants the court to reconsider its decision denying him counsel. He claims that counsel is needed because he has limited knowledge of the law and because all of the defendants named in the original complaint were terminated with the exception of the three defendants named in the amended complaint filed by Plaintiff on March 2, 2015 (McMillan, O'Leary and Bogart). Plaintiff also expresses his confusion as to why O'Leary responded to the amended complaint, but McMillan and Bogart did not when they are all employed by the Lackawanna County Prison.

## II.   Standard of Review

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Kabacinski v. Bostrom Seating, Inc., 98 F. App'x 78, 81 (3d Cir. 2004)(quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).  Because "federal courts have a strong interest in the finality of judgments," United States v. Hoey, No. 09-200, 2011 WL 748152, at *2 (W.D. Pa. Feb. 15, 2011)(citation omitted), The standard that must be met to prevail on a motion for reconsideration is high, see Berry v. Jacobs IMC, LLC, 99 F. App'x 405, 410 (3d Cir. 2004).

The court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice.  United States v. Banks, Crim. No. 03-245, 2008 WL 5429620, at *1 (W.D. Pa. Dec. 31, 2008)(citing Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). Motions for reconsideration are not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court, see Hoey, 2011 WL 748152, at *2 (citation omitted), or for addressing arguments that a party should have raised earlier, see United States v. Dupree, 617 F.3d 724, 732-33 (3d Cir. 2010)(quotations

omitted). Rather, such a motion is appropriate only where the court misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. Hoey, 2011 WL 748152, at *2. The mere dissatisfaction with the court's ruling is not a proper basis for reconsideration. Progressive Cas. Ins. Co. v. PNC Bank, N.A., 73 F.Supp.2d 485, 487 (E.D. Pa. 1999).

**III.   Discussion**

None of the reasons justifying reconsideration exist in the present case. There has not been an intervening change in the controlling law, no new evidence exists and there has been no error of law or fact. As such, reconsideration is not even warranted. However, for the reasons previously set forth in the Memorandum and Order issued on January 20, 2015, the appointment of counsel was properly denied. Further, any such denial was without prejudice to Plaintiff, should the circumstances change during these proceedings. Moreover, an order was just issued directing the U.S. Marshal to serve the two (2) Defendants who have not accepted service in this case. To the extent reconsideration is sought by Plaintiff because he intended to name more than three (3) defendants, the amended complaint he submitted is very clear that he only sought to bring his claims against Defendants O'Leary, Bogart and McMillan. (Doc. 21; see also Doc. 24.) Although Plaintiff maintains that all three (3)

Defendants are employed at the Lackawanna County Prison, this does not necessarily mean that all three would waive service and respond to the complaint together. O'Leary waived service and filed a motion to dismiss the complaint against him. Plaintiff thereafter sought to withdraw O'Leary as a defendant. Based on the foregoing, O'Leary is no longer in the case. The only remaining defendants are Bogart and McMillan. While Plaintiff may think the other defendants named in the original complaint are still somehow involved in this action, he is mistaken. The standing complaint is Document 21 and the supporting exhibits (Doc. 22), and only now proceeds against McMillan and Bogart. An appropriate Order follows.